UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA

    - against -

RAMON APONTE,

                 Defendant.

------------------------------------X

10 Cr. 1146-01 (RWS)

SENTENCING OPINION

**Sweet, D.J.**

      On February 18, 2011, Ramon Aponte, ("Aponte" or "Defendant") pleaded guilty to one count of failure to register as a sex offender, in violation of 18 U.S.C. § 2250. For the reasons set forth below, Aponte will be sentenced to 21 months' imprisonment to be followed by 5 years' supervised release. Defendant will also be required to pay a special assessment of $100.


**Prior Proceedings**


      Indictment 10 CR 1146 (RWS) was filed in the Southern District of New York. It charges that from December 2009 to May

1

2010, in the Southern District of New York and elsewhere, Ramon Aponte, being an individual required to register under the Sex Offender Registration and Notification Act, did not reside at his registry address in Connecticut and resided in New York, NY, without updating his registration with Connecticut and New York, in violation of 18 U.S.C. § 2250.

On February 18, 2011, Defendant appeared before the Honorable Ronald L. Ellis and allocuted to his criminal conduct as charged.

Aponte's sentencing is currently scheduled for October 6, 2011.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the advisory Guidelines. Thus, the

2

sentence to be imposed here is the result of a consideration of:

(1)   the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)   the need for the sentence imposed —

(A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)   to afford adequate deterrence to criminal conduct;

(C)   to protect the public from further crimes of the defendant; and

(D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)   the kinds of sentences available;

(4)   the kinds of sentence and the sentencing range established for —

(A)   the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

(5)   any pertinent policy statement . . . [issued by the Sentencing Commission];

(6)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)   the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).   A sentencing judge is permitted to find

all the facts appropriate for determining a sentence, whether
that sentence is a so-called Guidelines sentence or not. See
Crosby, 397 F.3d at 114-15.


**The Defendant**


The Court adopts the facts set forth in the
Presentence Investigation Report ("PSR") with respect to
Celado's personal and family history.


**The Offense Conduct**


The following description draws from the PSR. The
specific facts of the underlying conduct are adopted as set
forth in that report.  The content of the offense conduct
contained in that report is primarily derived from the complaint
and a statement of the offense provided by the Assistant U.S.
Attorney on March 21, 2011.


On February 24, 1998, Ramon Aponte was convicted in
the State of Connecticut, Superior Court, of Sexual Assault in
the Second Degree.  As a result of his conviction, Aponte was
required to register as a sex offender with the Connecticut

4

Department of Public Safety ("CDPS").  Aponte registered on November 15, 2001, and was informed of his obligation to provide the CDPS with written notice of any change of his home address no later than five days after moving.  At the time, Aponte indicated that he lived at 701 South Main Street, Apartment 1B, Waterbury, CT.  Additionally, Aponte was informed that if he moved to a new address out of state, he was required to register with that state's registry.  Aponte is required to register for the remainder of his life.  Aponte was cautioned that he would be subject to arrest if he failed to register as a sex offender.

On August 28, 2009, Aponte re-registered as a sex offender with the CDPS.  At the time, Aponte indicated that he lived at 20 Washington Street, Waterbury, CT.  Aponte was advised of the further requirement that he return address verification forms that would be mailed to his Connecticut residence every 90 days.  Additionally, Aponte was reminded that if he moved to an address out of state, he was obligated to provide written notification within five days to the Sex Offender Registry Unit in Connecticut.  Aponte was again cautioned that he would be subject to arrest if he failed to register as a sex offender.

As recently as March 9, 2010, Aponte submitted a form to CDPS claiming that he lived in Waterbury, CT.    In truth, however, beginning in late December 2009, Aponte began to reside in New York, NY, at the apartment of his girlfriend.   Following the change of his residence to New York City, Aponte never notified Connecticut law enforcement officials that he had re-located to New York state.    Additionally, Aponte never registered in New York, as he was required to do under federal law as a registered sex offender.

On April 6, 2010, a warrant was issued by the State of Connecticut Superior Court charging Aponte with a sex offender registration violation.

In May 2010, the U.S. Marshals Service in Manhattan, NY, was advised that Aponte was living with his girlfriend at 230 Clinton Street, Apartment 12F, in Manhattan.   On May 14, 2010, a senior inspector (hereinafter, the case agent) from the U.S. Marshals Service went to the Manhattan apartment at which Aponte and his girlfriend were present.   The case agent then placed Aponte under arrest for the Connecticut warrant issued on April 6, 2010.

6

Following his arrest, Aponte executed a written waiver of his Constitutional rights.  When questioned by the case agent, Aponte confirmed that his current residence was 230 Clinton Street, Apartment 12F, in Manhattan.  Aponte initially indicated that he moved to the apartment at the end of November or the beginning of December 2009.  He later noted that he moved to the apartment just prior to February 14, 2010.  Aponte indicated that the last time he resided in Connecticut was in mid-to-late February 2010.

After speaking with Aponte, the case agent interviewed Aponte's girlfriend.  She indicated that Aponte had resided with her in the Manhattan apartment since approximately December 25, 2009.

On May 14, 2010, Aponte was arraigned on the charge of Fugitive From Justice in Bronx Criminal Court in the Bronx, NY. He was subsequently transferred to Waterbury Judicial District Court, Waterbury, CT, and charged with the offense of Failure to Register as Sex Offender.

On May 25, 2010, the case agent confirmed with the New York State Division of Criminal Justice Services that Aponte

never registered as a sex offender with the New York State Sex Offender Registry.

On October 13, 2010, Complaint 10 MJ 2251 was filed against Aponte in the Southern District of New York.   The case agent arrested Aponte later that same day.

**The Relevant Statutory Provisions**

Pursuant to 18 U.S.C. § 2250, the maximum term of imprisonment is 10 years.

If a term of imprisonment is imposed, the Court may impose a term of supervised release of at least 5 years, up to life, pursuant to 18 U.S.C. § 3583(k).

The Defendant is eligible for not less than 1 nor more than 5 years' probation by statute, pursuant to 18 U.S.C. § 3561(c)(1).

The maximum fine that may be imposed is $250,000, pursuant to 18 U.S.C. § 3571.   A special assessment of $100 is

mandatory, pursuant to 18 U.S.C. § 3013.

**The Guidelines**

The November 1, 2010 edition of the United States Sentencing Commission Guidelines Manual has been used in this case for calculation purposes, pursuant to § 1B1.11(a).   The Court finds the following with respect to Defendant's applicable offense level, criminal history, recognition of responsibility, and term of imprisonment:

The Guideline for the violation of 18 U.S.C. § 2250 is found in § 2A3.5.  As Aponte was required to register as a Tier II offender, the base offense level is 14, pursuant to § 2A3.5(a)(2).

Based on the Defendant's plea allocution, Aponte has shown recognition of his responsibility for the offense. Pursuant to § 3E1.1(a), the offense is reduced two levels.

Accordingly, the applicable offense level is 12.

On June 29, 1995, Aponte was arrested and charged with one count of sexual assault in the second degree and one count of risk of injury to a child.  On November 21, 1995, Defendant pleaded guilty to both counts and was sentenced in the Waterbury Judicial District Court in Waterbury, CT, to 3 years' jail (suspended) and 3 years' probation on Count 1 to run concurrently with the sentence of 1 year jail (suspended) and 3 years' probation on Count 2.  On November 10, 1997 a violation of probation petition was filed, and on April 7, 1998, Aponte's probation was terminated.  Pursuant to § 4A1.2(e)(3), this conviction warrants zero criminal history points.

On February 19, 1996, Aponte was arrested and charged with one count of risk of injury to a child.  On March 26, 1996, Defendant pleaded guilty and was sentenced in the Waterbury Judicial District Court in Waterbury, CT, to 3 years' jail (suspended) and 2 years' probation.  On November 10, 1997 a violation of probation petition was filed, and on April 7, 1998, Aponte's probation was terminated.  Pursuant to § 4A1.2(e)(3), this conviction warrants zero criminal history points.

On August 6, 1997, Aponte was arrested and charged with one count of sexual assault in the second degree and one

10

count of risk of injury to a child.  On February 24, 1998,
Defendant pleaded guilty and was sentenced in the Waterbury
Judicial District Court in Waterbury, CT, to 9 years' jail (with
4 years to serve) and 10 years' probation on Counts 1 and 2 to
run concurrently.  On February 11, 2004 a violation of probation
petition was filed, and on March 11, 2004 Aponte's probation was
revoked and he was re-sentenced to 30 months' jail.  Pursuant to
§ 4A1.1(a),  § 4A1.2(e)(1),  and  § 4A1.2(k),  this  conviction
warrants 3 criminal history points.

On July 8, 2009, Aponte was arrested and charged with
one count of failure to register as a person who committed a
sexually violent offense.  On August 8, 2009, Defendant pleaded
guilty and was sentenced in the Waterbury Judicial District
Court in Waterbury, CT, to 2 years' jail (with 60 days to serve)
and 2 years' probation.  On February 14, 2011 a violation of
probation petition was filed and Defendant's probation was
terminated.  Pursuant to § 4A1.1(b) and § 4A1.2(e)(2), this
conviction warrants 2 criminal history points.

The criminal convictions above result in a subtotal
criminal history score of five.  Additionally, pursuant to §
4A1.1(d), 2 points are added, as the Defendant was on probation

at the time the instant offense was committed.

A total of 7 criminal history points establishes a Criminal History Category of IV, pursuant to the table at Chapter 5, Part A, of the Guidelines.

Based on a total offense level of 12 and a Criminal History Category of IV, the Guidelines range for imprisonment is 21 to 27 months.

The Guideline range for a term of supervised release is at 5 years, pursuant to § 5D1.2(b)(2). Supervised release is required if the Court imposes a term of imprisonment of more than one year or when required by statute, pursuant to § 5D1.1(a).

Defendant is not eligible for probation because the applicable Guideline range is in Zone D of the Sentencing Table, pursuant to § 5B1.1 Application Note #2.

The fine range for the instant offense is from $3,000 to $30,000, pursuant to § 5E1.2(c)(3)(A) & (c)(4). Subject to Defendant's ability to pay, in imposing a fine, the Court shall

consider the expected costs to the Government of any imprisonment, probation, or supervised release pursuant to § 5E1.2(d)(7). The most recent advisory from the Administrative Office of the United States Courts suggests a monthly cost of $2,357.01 to be used for imprisonment, a monthly cost of $328.20 for supervision, and a monthly cost of $2,153.22 for community confinement.

**The Remaining Factors of 18 U.S.C. § 3553(a)**

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required by the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103.

In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), and having considered the Guidelines and all of the factors set forth in § 3553(a), it is concluded that the imposition of a

13

Guidelines sentence is warranted.

## The Sentence

For the instant offense, Aponte will be sentenced to 21 months' imprisonment and 5 years' supervised release.

Aponte is directed to report to the nearest United States Probation Office within seventy-two hours of release to commence his term of supervised release.  It is recommended that Defendant be supervised by the district of his residence.

As mandatory conditions of his supervised release, Aponte shall:  (1) not commit another federal, state, or local crime; (2) not illegally possess a controlled substance; (3) not possess a firearm or destructive device; and (4) cooperate in the collection of DNA as directed by the probation officer.  The mandatory drug testing condition is suspended based on the Court's determination that the Defendant poses a low risk of future substance abuse.

Furthermore, the standard conditions of supervision (1-13), set forth in the judgment, shall be imposed with the

14

additional special conditions:

(1)   The Defendant shall undergo a sex-offense-specific evaluation and participate in a sex offender treatment/and or mental health treatment program approved by the probation officer.   The Defendant shall abide by all rules, requirements, and conditions of the sex offender treatment program(s), including submission to polygraph testing.   The defendant shall waive his right of confidentiality in any records for mental health assessment and treatment imposed as a consequence of this judgment to allow the probation officer to review the Defendant's course of treatment and progress with the treatment provider.   The Defendant will be required to contribute to the costs of services rendered in an amount approved by the probation officer, based on ability to pay or availability of third-party payment.

(2)   The Defendant shall not have deliberate contact with any child under 17 years of age, unless approved by the probation officer.   The Defendant shall not loiter within 100 feet of schoolyards, playgrounds, arcades, or other places primarily used by children under the age of 17.

(3)   The Defendant is not to use a computer, Internet-capable device, or similar electronic device to access child pornography or to communicate with any individual or group for the purpose of promoting sexual relations with children.   The defendant shall consent to the use and/or installation of a computer program which shall monitor suspect computer use on any computer owned or controlled by the Defendant.   The program(s) used will be designed to identify, for the probation office, only the viewing, downloading, uploading, transmitting, or otherwise using any images or content of a sexual nature, defined as Suspect Computer Use.   Suspect Computer Use shall be identified by the installed program(s) and/or the probation officer through the screening of the Defendant's computer usage for certain key words, phrases, and images.

In consideration of all the factors set forth in 18 U.S.C. § 3572(a), it does not appear that the Defendant is able to pay a fine, and so the fine in this case shall be waived.

A special assessment of $100, payable to the United States, is mandatory and shall be due immediately.

The terms of this sentence are subject to modification

16

at the sentencing hearing scheduled for October 6, 2011.


      It is so ordered.


**New York, NY**
**September** 2 9 **, 2011**

ROBERT W. SWEET
U.S.D.J.

17